IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David J. Miller, etc., | Case No. 3:06 CV 7092 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Alliance Financial Capital, Inc., et al., | |
| Defendants. | |

This matter is before the Court on Defendant Jennifer Moore's Motion to Dismiss for lack of personal jurisdiction (Docket No. 6) pursuant to Federal Civil Rule 12(b)(2). Plaintiff asserts a single claim against Moore: namely, that she intentionally interfered with Plaintiff's rights under several promissory notes issued by Defendant Alliance Financial Capital, Inc. (AFC) and guaranteed by Defendant Richard Hatfield. Moore and Hatfield had lived together for over thirteen years, had two children and started AFC together, then separated in 2001. They currently are involved in litigation in California.

The Sixth Circuit "has articulated a two-step inquiry to determine whether a federal district court sitting in a diversity-of-citizenship case can exercise personal jurisdiction over a defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

The initial issue then is whether Defendant Moore's actions subject her to personal jurisdiction pursuant to the Ohio long-arm statute. The parties agree that the general personal jurisdiction statute does not apply and that leaves the issue of whether Ohio's limited personal jurisdiction statute has been met. Specifically, the issue is whether a letter from Moore's lawyer (Seymour) to Hatfield meets the requirements for tortious interference under Ohio law. (The letter asked Hatfield to "make no further payment to any private lender" until an audit was completed, and to resume his child support payments.) However, this Court need not address that issue because Plaintiff fails the next inquiry which is whether, notwithstanding application of Ohio's long-arm statute, jurisdiction over Defendant Moore would offend the Fourteenth Amendment guarantee of due process of law.

In a companion case filed in federal court in Michigan, *I.P. Enterprises v. Richard Hatfield, et al.*, Case No. 2:06-CV-11162 (E.D. Mich.), Defendant Moore filed a similar motion. This Court adopts the well-reasoned opinion of Judge G. C. Steeh in that case where he found that "because plaintiffs are unable to meet their burden of showing that due process requirements permit this court to exercise jurisdiction over this California resident, Moore's motion to dismiss for lack of personal jurisdiction is granted" (p. 1).

In order to comply with due process and support an exercise of personal jurisdiction, "minimum contacts" must exist between Defendant Moore and Ohio. *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1299 (6th Cir. 1989) sets forth three criteria to meet due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

2

For the same reasons set forth in Judge Steeh's Opinion (pp. 11-15), this Court also finds that Defendant Moore does not have sufficient contacts with Ohio to meet these due process criteria. (Indeed, Moore is a life-long California resident and her contacts with Ohio are fewer than her contacts with Michigan.) As noted (p. 13), Moore did not avail herself of the privilege of acting in Ohio or causing a consequence in Ohio:

> The entirely intrastate letter from Seymour [Moore's lawyer] to Hatfield, absent any other purposeful or intentional action toward [Ohio], is too attenuated of a link from Moore to the plaintiffs in [Ohio]. Moore's contacts with the plaintiffs in [Ohio] through the letter were neither systematic nor continuous. Mere foreseeability that consequences would occur in [Ohio] as a result of the letter is insufficient where Moore had no additional contacts to the state. Furthermore, because the letter was not purposefully directed solely toward the [Ohio] plaintiffs in this case, but instead referred to approximately seventy of AFC's noteholders, this court can hardly determine that Moore intended to lay herself open to suit in every state from which AFC had been issued a promissory note. Ultimately, Moore could not have reasonably anticipated being "haled into court" in [Ohio].

This result is further supported by the opinion of Judge David Dowd in *Peninsula Asset Management v. Hankook Tire Co.*, Case No. 5:04-CV-1153, 2006 WL 657141 (N.D. Ohio Mar. 13, 2006) where the plaintiff failed to establish minimum contacts between defendant Cho and Ohio. Defendant Moore, like defendant Cho, is not an Ohio resident; does not solicit or engage in business in Ohio; maintains no office, owns no property, real or personal, in Ohio; and pays no Ohio taxes. Moore has been to Ohio only twice in her lifetime, for brief vacation visits and wholly unrelated to the matters involved in this lawsuit.

Therefore, Defendant Moore's Motion to Dismiss for lack of personal jurisdiction is granted.

IT IS SO ORDERED.

                                                             s/ *Jack Zouhary*
                                                             JACK ZOUHARY
                                                             U. S. DISTRICT JUDGE
                                                             August 28, 2006